IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-02050-M-RJ

HADIE MARKEITH JONES,  )
　)
　　　　Petitioner,　)
　)
v.　)　　ORDER
　)
STATE OF NORTH CAROLINA, et al.,　)
　)
　　　　Respondents.　)

This cause is before the court on respondent's motion for summary judgment. See Mot. [D.E. 17]. For the reasons discussed below, the court grants respondent's motion and dismisses the action without prejudice.

## Relevant Procedural History:

On March 6, 2024, Hadie Markeith Jones ("petitioner"), a state inmate, filed *pro se* what the court construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. [D.E. 1].

In response to an order of deficiency, Order [D.E. 3], petitioner refiled a corrected petition, see Pet. [D.E. 4] at 5, 15 (generally seeking jail credits for "2733 days spent in confinement").

On July 3, 2024, the court allowed the action to proceed. See Order [D.E. 8].

On October 21, 2024, respondent filed an answer [D.E. 16], a motion for summary judgment, Mot. [D.E. 17], a statement of material facts [D.E. 18], an appendix [D.E. 19], and a memorandum in support [D.E. 20].

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified petitioner about respondent's motion, the response deadline, and the consequences of failing to respond. [D.E. 21]. Petitioner failed to respond and the time to do so has passed.

Legal Standard:

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (alteration and internal quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Discussion:

Respondent argues, *inter alia*, that petitioner failed to exhaust his available state-court remedies before filing this action. See Resp. Mem. [D.E. 20] at 6–9.

Absent a valid excuse, a state prisoner must exhaust all available state-court remedies before seeking federal habeas relief. See 28 U.S.C. § 2254(b); Woodford v. Ngo, 548 U.S. 81, 92 (2006); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (noting exhaustion doctrine is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

2

In North Carolina, a prisoner may satisfy the exhaustion requirement either by: 1) directly appealing the conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review; or 2) filing a Motion for Appropriate Review ("MAR") in the state trial court of the county of conviction and then petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1415, 15A-1422. The habeas petitioner bears the burden of proving that a claim was exhausted. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994), cert. denied, 513 U.S. 1047 (1994).

Here, the available record supports respondent's argument that petitioner failed to exhaust his available state-court remedies before filing this action on March 6, 2024. See Resp. App., Ex. 6 [D.E. 19-6] (petitioner's May 31, 2024, MAR in the Greene County Superior Court); id., Ex. 8 [D.E. 19-8] (the MAR Court's July 12, 2024, denial of his MAR); id., Ex. 9 [D.E. 19-9] (petitioner's May 31, 2024, "Belated Notice of Direct Appeal" filed in the North Carolina Court of Appeals); id., Ex. 10 [D.E. 19-10] (the North Carolina Court of Appeals' June 3, 2024, dismissal of his "Belated Notice of Direct Appeal" for failure to comply with the Rules of Appellate Procedure, with leave to refile).

The record also supports respondent's argument that, as of the date respondent filed the instant motion for summary judgment, petitioner still had neither refiled an appeal nor filed a petition for a writ of certiorari in the North Carolina Court of Appeals as to the denial of his MAR. See id., Ex. 11 (Oct. 21, 2024, N.C. Court of Appeals docket sheet).

In short, petitioner fails to bear his burden of proving he exhausted his available state-court remedies prior to filing the instant petition, and the court discerns no valid excuse for this failure. See 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 845; Mallory, 27 F.3d at 994.

3

Petitioner also fails to demonstrate circumstances warranting a stay of this court's decision until he completes state post-conviction proceedings. Cf. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005); Rhines v. Weber, 544 U.S. 269, 275, 278 (2005).

Thus, after considering the evidence and the inferences drawn therefrom in the light most favorable to petitioner, Scott, 550 U.S. at 378, because there is no genuine issue of material fact as to exhaustion, respondent is entitled to summary judgment, see Anderson, 477 U.S. at 247–48. Further, because the action is dismissed without prejudice to allow petitioner to cure the exhaustion defect, the court need not address respondent's other arguments in support of the instant motion.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### Conclusion:

For the reasons discussed above, the court: GRANTS respondent's motion for summary judgment [D.E. 17]; DISMISSES WITHOUT PREJUDICE this § 2254 petition to allow petitioner to exhaust his available state-court remedies; DENIES a Certificate of Appealability; and DIRECTS the clerk to close the case.

SO ORDERED this 2d day of December, 2024.

RICHARD E. MYERS II
Chief United States District Judge